J-S03024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS SIPOS | : | |
| | : | |
| Appellant | : | No. 1239 WDA 2023 |

Appeal from the PCRA Order Entered September 19, 2023
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000624-2021

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED: April 9, 2025**

Dennis Sipos ("Sipos") appeals from the order dismissing, after a hearing, his first counseled petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm, albeit for different reasons than those of the PCRA court.[2]

_____

[1] **_See_** 42 Pa.C.S.A. §§ 9541-9546.

[2] **_See Commonwealth v. Elliott_**, 249 A.3d 1190, 1193 n. 3 (Pa. Super. 2021), ("It is well-settled that this Court may affirm the decision of the [trial] [c]ourt if it is correct on any basis.") (citations and internal quotation marks omitted).

Because of our resolution of this matter, we only briefly note the following. Sipos pleaded guilty on August 10, 2021,[3] to one count of driving under the influence: high rate of alcohol. **See** N.T., 8/31/21, at 4, 6. Following entry of the guilty plea, the trial court noted it normally requested a Pre-Sentence Investigation Report ("PSI") but it understood counsel was asking to waive the PSI. **See id**. at 6-7. Counsel did not respond directly to this statement but proceeded to discuss Sipos's prior record score and questioned Sipos to ascertain she was correct. **See id**. at 6-7. Sipos did not object or state he wanted to delay sentencing for preparation of a PSI. **See id**. The court then sentenced Sipos to forty-eight hours to six months in prison to start as of the date of sentencing, August 10, 2021. **See id**. at 8. Sipos did not file a direct appeal.

In August 2022, Sipos filed a timely PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition claiming ineffective assistance of plea counsel for failure to request a PSI, which Sipos claims rendered his guilty plea involuntary. **See** Sipos's Brief at 5-6. The PCRA court held an evidentiary hearing in June 2023. **See** Sipos's Brief at 6; PCRA Court

_____

[3] In the trial court docket, Sipos and the PCRA court note the date of the guilty plea as August 10, 2021. **See** Docket at 2 (unnumbered); Sipos's Brief at 5; PCRA Court Opinion, 11/30/23, at 2. However, the notes of testimony of the guilty plea hearing are dated August 31, 2021, because this is obvious error, we use the agreed-upon date of August 10, 2021.

- 2 -

Opinion, 11/30/23, at 2.[4]   In September 2023, the PCRA court denied Sipos's

PCRA petition.  This timely appeal followed.[5]

On appeal, Sipos contends:

1. [Did t]he [PCRA] court err[] in denying [Sipos's] PCRA petition, as [Sipos] did not voluntarily and willingly waive his right to a [PSI] prior to sentencing[?]

Sipos's Brief at 4 (reformulated as a question; unnecessary capitalization

omitted).

Sipos appeals from the denial of his PCRA petition asserting the

ineffective assistance of plea counsel and the involuntariness of his guilty plea

because of the absence of a PSI.  We review the dismissal of a PCRA petition

to determine "whether the PCRA court's findings of fact are supported by the

record, and whether its conclusions of law are free from legal error."

**Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012).  "Our scope of

review is limited to the findings of the PCRA court and the evidence of record,

viewed in the light most favorable to the party who prevailed in the PCRA

court proceeding."  **Id**.

_____

[4] The transcript of notes of testimony of the PCRA hearing is not included in the certified record.  This Court made inquiry of the PCRA court and was informed the notes of testimony had not been transcribed.  This Court has clearly stated it is the appellant's responsibility to ensure the certified record contains all documents necessary to ensure that this Court is able to review his claims.  **See Commonwealth v. B.D.G.**, 959 A.2d 362 (Pa. Super. 2008).  However, because of our disposition in the instant matter, this omission is not fatal.

[5] Sipos and the PCRA court complied with Pa.R.A.P. 1925.

Prior to reaching the merits of Sipos's claim, we must determine if Sipos pleaded and proved he is eligible for relief pursuant to 42 Pa.C.S.A. § 9543(a)(1), which provides, in pertinent part, as follows:

> **(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth **and is at the time relief is granted:**
> >
> > > **(i) currently serving a sentence of imprisonment, probation or parole for the crime;**

42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). In the present case, Sipos failed to demonstrate he is still serving a sentence for the conviction at issue.

As previously indicated, the trial court sentenced Sipos to forty-eight hours to six months of incarceration on August 10, 2021, thus, at the latest, Sipos's sentence expired on February 10, 2022. Sipos does not suggest or provide any evidence that he is still serving a sentence for this specific case.[6] Therefore, he is not entitled to PCRA relief.

Order affirmed.

---

[6] While Sipos is currently incarcerated, it is due to a parole violation on an unrelated matter. **See** Sipos's Brief in **Commonwealth v. Sipos**, 34 WDA 2024, at 4 (Sipos explaining he was recommitted in that case because he violated parole by committing the crime in the instant matter).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/09/2025